IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DIEGO OBLEDO | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION |
| | § | |
| BRENT STROMAN, MANUEL CHAVEZ, | § | NO. 1:16-CV-00575-SS |
| ABELINO "ABEL" REYNA | § | |
| and JOHN DOE | § | |
|     Defendants. | § | |

## DEFENDANTS BRENT STROMAN AND MANUEL CHAVEZ'S JOINT MOTION TO DISMISS

Come now Defendants, Brent Stroman and Manuel Chavez and file this Joint Motion to Dismiss pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure in response to the Plaintiff's Complaint, subject to their Motion to Transfer Venue filed in this case pursuant to 28 U.S.C. 1404 (a) and their Motion for Stay, and show unto the Court as follows:

1.    Although this motion to dismiss for failure to state a claim is made subject to a request for stay of proceedings, such does not prevent this Court from dismissing patently meritless or frivolous claims, or dismissing claims based on grounds apparent on the record. *See Perry v. Dallas Sheriff's Dept.*, 2014 W.L. 6809192*4 (N.D. Tex. 12/3/2014); *King v. Forrest*, 2008 W.L. 4951049*3 (N.D. Tex. 11/14/2008). The Court may screen claims "against certain party—defendants on other grounds apparent in the record." *See Busick v. City of Madison*, 90 Fed. Appx. 713 (5th Cir. 2004).

*Qualified Immunity*

2.    Officer Chavez and Chief Stroman are entitled to qualified immunity, which acts as a bar to both liability and suit. *See Jaquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986). It

is the Plaintiffs' burden to plead and prove specific facts overcoming this defense. *See Elliot v. Perez*, 751 F.2d 1472, 1479 (5th Cir. 1985); *Jaquez*, 801 F.2d at 791. Officers exercising discretionary authority are entitled to the defense of qualified immunity unless at the time and under the circumstances of the challenged conduct <u>all</u> reasonable officers would have realized that the challenged conduct was prohibited by the federal law on which the suit is founded. *See Dudley v. Angel*, 209 F.3d 460, 462 (5th Cir. 2000); *Pierce v. Smith*, 117 F.3d 866, 871 (5th Cir. 1997). A court must look at the objective reasonableness of an officer's conduct. Thus, the ultimate question is whether a reasonable officer <u>could</u> have believed that the actions of the defendant officer were lawful in light of clearly established law and the information the officer possessed at the time. *See Anderson*, 483 U.S. at 641. If reasonable officers could differ on the lawfulness of a defendant's actions, the defendant is entitled to qualified immunity. *See Mallery v. Briggs*, 475 U.S. 335, 341 (1986). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Id.*

3. "[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *See Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). *See also Meadours v. Ermel*, 483 F. 3d 417, 421 (5th Cir. 2007); *Hampton v. Pamerleau*, No. SA-14-CA-806-XR, 2015 WL 4953084, at *11 (W.D. Tex. Aug. 18, 2015) ("The Fifth Circuit has encouraged the district courts to require highly fact-specific pleading by a plaintiff in a § 1983 lawsuit who attempts to overcome a plea of qualified immunity. '[P]laintiffs must demonstrate prior to discovery that their allegations are sufficiently fact-specific to remove the cloak of protection afforded by an immunity defense.' A complaint which raises the likely issue of immunity cannot be cast in 'broad, indefinite and

conclusory terms,' but must include detailed facts supporting the contention that the plea of immunity cannot be sustained."); *Bonner v. Alford*, No. 3:10-CV-2556-N BF, 2014 WL 285139, at *2 (N.D. Tex. Jan. 27, 2014) aff'd, 594 F. App'x 266 (5th Cir. 2015) ("To survive dismissal, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face [,]' *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity 'to raise a right to relief above the speculative level[.]' *Id.,* 550 U.S. at 550. Where, as here, a defendant seeks dismissal based on qualified immunity, the complaint is subject to a heightened pleading requirement. *Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir.1995). The plaintiff must allege 'particularized facts which, if proved, would defeat a qualified immunity defense.'"); *Bivens v. Forrest Cty.*, No. 2:13-CV-8-KS-MTP, 2015 WL 1457529, at *3 (S.D. Miss. Mar. 30, 2015).

Probable cause "does not demand any showing that [the belief that an offense was committed] be correct or more likely true than false," because "the probable cause analysis only requires that we find a basis for an officer to believe to a 'fair probability' that a violation occurred." *See Piazza v. Mayne*, 217 F.3d 239, 246 (5th Cir. 2000). Even where an officer has mistakenly determined probable cause to exist, immunity may exist. *See Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994). "[T]here must not even 'arguably' be probable cause . . . for immunity to be lost." *See Brown v. Lyford*, 243 F. 3d 185, 190 (5th Cir.), *cert. denied* 122 S. Ct. 46 (2001). "An officer's entitlement to qualified immunity based on probable cause is difficult to disturb." *See Morris v. Dillard Dept. Stores, Inc.*, 277 F. 3d 743, 753 (5th Cir. 2001). And in instances where an application for a warrant is made to a magistrate, the officer is entitled to immunity in all but the most unusual of circumstances. "Only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable . . . will the shield of immunity be lost." *See Malley v. Briggs*, 475 U.S. 335, 344-45, 106 S. Ct. 1092, 1096 (1986). That is, the officer can only be denied the protection of immunity, "if, on an

objective basis, it is obvious that no reasonably competent officer would have concluded that a warrant should issue . . . ." *See* 106 S. Ct. at 1096. However, "if officers of reasonable competence could disagree on this issue, immunity should be granted." 106 S. Ct. at 1096. Plaintiff's allegations themselves generally foreclose his requested result, as he acknowledges that various attorneys and various officers were involved.

*Fourth Amendment*

4.  Plaintiff's Fourth Amendment allegations with regard to Officer Chavez all center on the warrant affidavit signed by Chavez and the magistrate's issuance of an arrest warrant. Plaintiff's Fourth Amendment allegations against Chief Stroman are even more removed. Although there are multiple flaws in the Plaintiff's assertions and multiple reasons that such allegations fail to state a claim–it is unnecessary to address them in detail because Plaintiff specifically alleges that he was indicted by the grand jury on November 10, 2015. *See* Pltf's Compl., Doc. 2-1 at pp. 15-16, para. 52.

5.  A grand jury indictment establishes probable cause. *See Gerstein v. Pugh*, 420 U.S. 103, 11 n. 19, 95 S.Ct. 854 (1975); *Russell v. Altom*, 546 Fed. Appx. 432, 436 (5th Cir. 2013); *Casanova v. City of Brookshire*, 119 F. Supp. 2d 639, 652-53 (S.D. Tex. 2000). The indictment renders moot any questions concerning the prior arrest and detention. *See Casanova*, 119 F.Supp. 2d at 652. That is, the indictment breaks the chain of causation between the officer and the alleged constitutional harm. *See Shields v. Twiss*, 389 F.3d 142, 150 (5th Cir. 2004); *Taylor v. Gregg*, 36 F.3d 453, 456-57 (5th Cir. 1994); *Russell*, 546 Fed. Appx. at 434; *Hale v. Clayton*, 198 F.3d 241 (5th Cir. 1999); *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010). This is true even where the indictment is post-arrest. *See Russell*, 546 Fed. Appx. at 434; *Taylor*, 36 F.3d at 456-57; *Hale* 198 F.3d at 241; *Buehler v. City of Austin*, 2015

WL 737031*10 (W.D. Tex. 2015). The only exception is where the plaintiff both pleads and proves that the individual defendant intentionally tainted the deliberations of the grand jury. *See Hand v. Gary*, 838 F.2d 1420, 1428 (5th Cir. 1988).

6. In the case at hand, Plaintiff does not plead *any* involvement of Chief Stroman in the grand jury proceedings. *See also Russell*, 546 Fed. Appx. at 437 (no assertion of facts or evidence that officer even involved in indictment process. Allegation that prosecutor acting as "agent" of officer not well-taken. Dismissal and summary judgment of trial court upheld); *Glaster v. City of Mansfield*, 2015 WL 852412*7 (W.D. La. 2015) (Where plaintiff did not plead involvement of officer in the grand jury proceedings or factually how he tainted the grand jury's deliberations; officer dismissed on qualified immunity grounds).

In his Complaint, Plaintiff speculates that Defendant Chavez actually testified before the grand jury, and then goes on to guess, in a conclusory fashion, the testimony that he surmises was allegedly given by Chavez. Where a person's alleged grand jury testimony is unknown, an "argument that the [defendant] must have testified falsely to the grand jury amounts to rank speculation." *See Rothstein v. Carriere*, 373 F.3d 275, 284 (2nd Cir. 2004). But in this case the Plaintiff's allegations are even further removed from substance *as Plaintiff is also speculating that Chavez even testified before the grand jury in the first instance*.

***Plaintiff admits in his Complaint that he does not know <u>who</u> testified before the grand jury or <u>what</u> testimony was presented to the grand jury.*** However, Plaintiff then proceeds with a series of conclusions and guesses as to who *possibly* testified and what their testimony could have *possibly* been. Unlike factual allegations, a court need not, and should not, accept conclusions and speculation as true for purposes of determining whether an action can survive

dismissal. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009); *Plotkin v. IP Axess, Inc.*, 407 F. 3d 690, 696 (5th Cir. 2005).

Plaintiff's assertions are exactly the type of formulaic, threadbare allegations that are insufficient under *Twombly/Iqbal*. That is, to avoid the effect of the indictment Plaintiff must allege facts regarding actual involvement of each defendant in the grant jury proceedings and how each intentionally tainted those proceedings. However, Plaintiff alleges *no involvement* of Chief Stroman in the grand jury proceedings – let alone what he individually did to taint the proceedings; and Plaintiff only speculates that Officer Chavez testified before the grand jury in the first instance, and then goes on to surmise that he gave false testimony. These are conclusory allegations and speculation masquerading as facts, and are made simply to fit the "formula" to avoid dismissal.

In addition, Plaintiff has also made conclusory allegations as to what video allegedly "shows." However, these allegations are irrelevant to the required disposition of the claims against the Movants as the indictment established probable cause, and Plaintiff has either not pled, or has merely made conclusory and speculative allegations as to any "tainting" of the grand jury by the Movants. Furthermore, these allegations seem to ignore the nature of the actual criminal charge.

Plaintiff's conclusory and speculative allegations are insufficient to overcome the Movants' qualified immunity.

7.   Chief Stroman is entitled to dismissal of the Plaintiff's Fourth Amendment Action for yet another reason. Chief Stroman is not alleged to have prepared the warrant affidavit, to have signed the warrant affidavit, or to have presented the warrant affidavit to the magistrate. Therefore, Chief Stroman is entitled to qualified immunity. *See Michalik v. Hermann*, 422 F. 3d

252, 261 (5th Cir. 2005); *Hampton v. Oktibbeha County Sheriff's Dept.*, 480 F. 3d 358, 365 (5th Cir. 2007).

8.     Even assuming arguendo, and erroneously, that the indictment did not break the chain of causation, the Plaintiff's conclusory and speculative allegations fail to state a claim that would overcome qualified immunity. First it must be noted that Plaintiff seeks to have this Court substitute its judgment for the judgment of the magistrate who issued the warrant and the grand jury which handed down the indictment. Next, Plaintiff extrapolates from the uniformity of the warrant affidavits that the warrant affidavit for his arrest is so lacking in particularized probable cause that no reasonable officer could believe that probable cause existed. That is, Plaintiff asserts that because the affidavits were the same, particularized probable cause cannot exist. However, the warrant affidavit identifies the Plaintiff and identifies facts which are asserted to apply to the Plaintiff----so in reality, all Plaintiff is actually alleging is a conclusory *"not true."* Furthermore, by their very nature criminal enterprise offenses involve generally uniform facts. The place for the Plaintiff to prove his alleged innocence is in the criminal proceedings—not in a prematurely filed Section 1983 case.

Indeed, in the situation faced by the officers at Twin Peaks-where multiple suspects existed and criminal conduct was clearly afoot-it was certainly not "clearly established" that the concept of particularized probable cause in the form asserted by the Plaintiff was the applicable standard, or how it would be applied in such situations. *See Callahan v. Unified Gov't of Wyandotte Cty.*, 806 F.3d 1022, 1029-30 (10th Cir. 2015) (Noting that the Supreme Court's opinion in *Maryland v. Pringle* affected what constitutes probable cause in multiple suspect, criminal enterprise cases, and referencing competing views, including the view that particularized probable cause was not the applicable standard in such cases post-*Pringle*). In

*Callahan*, the court held, "We cannot ask officers to make a legal determination—that law professors probably could not agree upon—without any guidance from the courts and then hold them liable for guessing incorrectly. Qualified immunity exists to prevent exactly that. Plaintiffs offer us no other case on point to establish that Defendants violated their clearly established rights by arresting the entire unit." 806 F.3d at 1029.

The *Franks* allegation is likewise unavailing. Boiled down, Plaintiff alleges that the warrant affidavit says he was a member of a criminal street gang, he was not, and Defendant(s) knew he was not. These are conclusions not supported by any factual allegations. Plaintiff makes conclusory allegations as to "knowledge" of falsity without any factual allegations to support that conclusion. Nor does the Plaintiff plead facts, as opposed to conclusions, as to the alleged "falsity" of the information itself. *See Fisher v. City of Slidell*, 205 F.3d 1337 (5th Cir. 1999) ("Although Fisher argues that Bordelon's information was false, he makes only a conclusionary allegation that Fisher knew or should have known the information was false; he does not state any facts showing that Fisher knew or should have known the information was false. Without more, this is insufficient to overcome the heightened pleading requirement."); *Morin v. Caire*, 77 F. 3d 116, 121 (5th Cir. 1996) (conclusory allegations that officers knew or should have known that statements relied on for warrant were false held insufficient to state a claim, especially without factual allegations, as opposed to conclusions, that the statements were indeed false); *DeLeon v. City of Dallas*, 141 F. App'x 258, 262 (5th Cir. 2005) (conclusory allegation that officers caused documentation to be prepared falsely implicating the plaintiff failed to state a claim); *Rich v. Hopper*, 985 F.2d 557 (5th Cir. 1993) ("In *Streetman,* 918 F.2d at 557, we analyzed facts pleaded in a suit alleging an illegal search. We provided an illustrative list of allegations that are too broad to survive dismissal under *Elliott*. The list includes assertions that a

confidential informant did not exist, that the officer obtaining the search warrant lied in the probable cause affidavit, that the defendants conspired against the plaintiff, and that the affidavit did not establish probable cause. *Id.*").

The allegations as to what the "video" allegedly shows change nothing. Such are conclusory and purely opinion. Indeed, these allegations seem to ignore the crime for which the Plaintiff was actually charged.

*Fourteenth Amendment*

9. Plaintiff's conclusory and speculative allegations of a Fourteenth Amendment violation fail to state a claim. Initially, the Fourteenth Amendment is not an appropriate vehicle for the Plaintiff's claim that he was arrested and prosecuted without probable cause. *See Albright v. Oliver*, 510 U.S. 266, 270-71, 127 L.Ed. 2d 114 (1994); *Cuadra*, 626 F.3d at 814; *Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 441-42 (5th Cir. 2015). Recognizing this, Plaintiff attempts to fit his claim into a very limited exception to the above-authorities applicable to intentional fabrication of evidence. *See Cole v. Carson*, 802 F.3d 752 (5th Cir. 2015). Cole represents a limited exception applicable only to intentional fabrication of evidence to frame a person for a crime that the officer knows that the person did not commit. *See Cole*, 802 F. 3d at 772 (involving framing a person to cover for other officers' actions). *Cole* distinguished cases like *Bosarge* where the plaintiff made conclusory allegations such as that the officers knowingly or recklessly included false information in the warrant affidavit. *See Cole*, 802 F.3d at 767. In the case at hand, Plaintiff's complaint is much more like the complaint in *Bosarge* than the plaintiff's complaint in *Cole*. *See Bosarge* 796 F.3d at 442-44. That is, Plaintiff's complaint is made up of conclusory allegations of "knowingly" or "recklessly" including false information in the warrant affidavit. *See* Pltff's Compl. [Doc. 1] at pp. 18-19 (paras. 81-84). Plaintiff makes conclusory allegations as to "knowledge" of falsity without any

**DEFENDANTS BRENT STROMAN
AND MANUEL CHAVEZ'S JOINT MOTION TO DISMISS**  **PAGE 9**

factual allegations to support that conclusion. *Id.* at paras. 82, 84. Nor does the Plaintiff plead facts, as opposed to conclusions, as to the alleged "falsity" of the information itself. *Id.* Thus, like the plaintiff in *Bosarge*, Plaintiff has failed to state a 14th Amendment claim.[1] This is especially true when qualified immunity is involved.

*Conspiracy*

10. Initially, given that the Movants are entitled to qualified immunity on the alleged constitutional violations, it is unnecessary for the Court to reach the "conspiracy" allegation. *See Hale v. Townley*, 45 F. 3d 914, 921 (5th Cir. 1995); *Mowbray v. Cameron County*, 274 F. 3d 269, 279 (5th Cir. 2001). Where defendants are entitled to qualified immunity with regard to the alleged state action, a claim for conspiracy cannot succeed. *Id.* However, even if the conspiracy action were considered, it fails to state a claim. Bald allegations and surmise of conspiracy are insufficient to avoid dismissal. *See Streetman v. Jordan*, 918 F. 2d 555, 557 (5th Cir. 1990); *Lynch v. Cannatella*, 810 F. 2d 1363, 1370 (5th Cir. 1987). Plaintiff surmises that the defendants- and others-met and agreed to cause Plaintiff to be arrested and charged without probable cause. Such global conspiracy allegations are insufficient to overcome qualified immunity. Each individual defendant's entitlement to qualified immunity must be analyzed separately by the court. *See Meadours v. Ermel*, 483 F. 3d 417, 421-22 (5th Cir. 2007); *Jacobs v. West Feliciana Sheriff's Dept.*, 228 F. 3d 388, 395 (5th Cir. 2000). Pleading of each defendant's personal involvement in the violation of the plaintiff's constitutional right is required. *See Iqbal*, 129 S. Ct. at 1948. Furthermore, a plaintiff must plead allegations with regard to each defendant as to why qualified immunity does not apply. *See Meadours,* 483 F.3d at 421; *Andrade v. Chojnacki,*

---

[1] *Cole* involved a very egregious set of facts and was intended to be limited in application. In *most* Fourth Amendment cases there will be allegations of false or misleading information. *Cole* was not intended to transform every Fourth Amendment case into a Fourteenth Amendment case by the mere addition of the word "fabricated" to the plaintiff's allegations.

65 F. Supp. 2d 431, 459 (W.D. Tex. 1999). Global allegations or lumping defendants into groups in allegations generally cannot suffice to meet these standards. *See Andrade v. Chojnacki*, 65 F. Supp. 2d 431, 459; *Rivera v. Kalafut*, 2010 WL 3701517*4 (E.D. Tex. 2010); *Moran v. Reddix*, 2014 WL 2573383*7 (S.D. Miss. 2014); *Beyard v. Caddo Parish Cm'n*, 2007 WL 1741970*4 (W.D. La. 2007); *Cavit v. Rychlik*, 2010 WL 173530*2 (S.D. Tex. 2010). In addition, attempts to impute allegations against one defendant against others do not meet the heightened standard applicable. *DeLeon v. City of Dallas*, 141 F. App'x 258, 261, 263 (5th Cir. 2005).[2]

11.   There are no non-conclusory allegations of a plan by the defendants to arrest and charge someone that they knew to be innocent.

WHEREFORE, the above-premises considered, Movants respectfully request that Plaintiff's action be dismissed.

        **HALEY & OLSON, P.C.**
        510 North Valley Mills Drive, Suite 600
        Waco, Texas 76710
        Telephone:   (254) 776-3336
        Telecopier:   (254) 776-6823

        By:  /s/ Charles D. Olson
            CHARLES D. OLSON
            State Bar No. 15273200
            Email: colson@haleyolson.com
            MICHAEL W. DIXON
            State Bar No. 05912100
            Email: mdixon@haleyolson.com

        ATTORNEYS FOR DEFENDANTS

---

[2] It should also be noted that the very types of things that Plaintiff complains were part of the "criteria" arrived at during the claimed meeting are specifically relevant to identifying a criminal street gang under the subject state statute. *See* Section 71.01 (d), *Texas Penal Code*.

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of July, 2016, I electronically filed the foregoing document with the Clerk of the Court through the ECF system and an email notice of the electronic filing was sent to all attorneys of record.

/s/ *Michael W. Dixon*
Michael W. Dixon